Case Number: 13-17132

IN THE UNITED STATES COURT OF APPEAL
FOR THE NINTH CIRCUIT

---

JOHN TEIXEIRA; STEVE NOBRIGA; GARY GAMAZA; CALGUNS
FOUNDATION, INC.; SECOND AMENDMENT FOUNDATION, INC.; and
CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES,

Plaintiffs and Appellants,

v.

COUNTY OF ALAMEDA, ALAMEDA BOARD OF SUPERVISORS (as a
policy making body), WILMA CHAN in her official capacity, NATE MILEY in
his official capacity, and KEITH CARSON in his official capacity,

Defendants and Appellees.

---

On Appeal From The United States District Court
For The Northern District of California
(Case Number: 3:12-CV-03288-WHO)

---

# APPELLANTS' MOTION TO FURTHER EXTEND TIME FOR FILING OF OPENING BRIEF BY TWO WEEKS AND DECLARATION OF CHARLES HOKANSON IN SUPPORT THEREOF

---

Donald E.J. Kilmer, Jr., (CASB No. 179986)
Law Offices of Donald Kilmer, APC
1645 Willow Street, Suite 150
San Jose, California 95125
Telephone: (408) 264-8489
Facsimile: (408) 264-8487

Charles W. Hokanson (CASB No. 163662)
4401 Atlantic Ave, Suite 200
Long Beach, California 90807
Telephone: (562) 316-1476
Facsimile: (562) 316-1477

Attorneys for Plaintiffs and Appellants

Appellants request an additional two week extension to file their opening brief in this matter due to the previously unanticipated illness of their counsel.  Counsel previously obtained a thirty day extension for filing their brief and had no intention of seeking any additional time to do so. (*Hokanson Dec.,* ¶ 3.)  However, thereafter, Appellants' counsel succumbed to a seasonal flu. (*Id.*, ¶ 4.)  He was out of the office completely for nearly two weeks and, although back in the office now, he has needed to limit his working hours. (*Id.*)  This time away from the office has resulted in a clear need for additional time.  Thus, pursuant to Federal Rule of Appellate Procedure 26(b) and Ninth Circuit Rule 31-2.2(b), Appellants respectfully request that they be granted an additional fourteen (14) day extension of time, to and including March 14, 2014, for the filing of their opening appellate brief.

Appellants' opening brief in this matter is currently due February 28, 2012. (*Hokanson Dec.,* ¶ 3.)  That date was scheduled after Appellants obtained an automatic thirty day extension of time to file the brief using the court's website. (*Id.*)  Counsel anticipated that Appellants' opening brief could and would be completed within the extended deadline at the time the extension was obtained. (*Id.*)  However, shortly thereafter, Appellants' counsel Charles Hokanson (the attorney primarily responsible for the briefing in this matter) came down with a seasonal flu illness. (*Id.*, ¶ 4.)  He was forced to stay home for nearly two full weeks to recuperate. (*Id.*)   And, although back in the office now, he has been forced to limit his office hours to recovery completely. (*Id.*)  Counsel's previously unanticipated illness and resulting absence from his office constitutes good cause for the additional short extension of time requested by this application.

Appellees do not oppose the requested extension. (*Hokanson Dec.,* ¶ 5.)  Similarly, all Appellants have been informed of this request for extension and do not object to it. (*Id.*, ¶ 6.)

Because good cause exists for this extension in the form of unavoidable illness of counsel and because no interested parties object to a short extension, this court should extend the deadline for filing of Appellants' opening brief in this matter for fourteen (14) days until March 14, 2014.

Dated: February 21, 2014.

    /s/ *Charles W. Hokanson*

Charles W. Hokanson
Attorney for Plaintiffs and Appellants

# DECLARATION OF CHARLES HOKANSON

I, Charles W. Hokanson, declare as follows:

1. I am an attorney at law duly licensed to practice before the bar of this court and am counsel of record herein to each of the named Plaintiffs and Appellants. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would testify competently thereto under oath.

2. I am the attorney that is responsible for drafting and filing Appellants' opening brief in this matter.

3. Appellants' opening brief in this case was originally due January 29, 2014. However, on January 19, 2014, I submitted an electronic request for an extension of time of thirty (30) days. That request was granted and the new due date for Appellants' opening brief was set for February 28, 2014. I did not then expect I would need any additional time to file the opening brief.

4. At the time of the request for an extension of time, I had already begun working diligently on Appellants' opening brief. However, on approximately February 5, 2014, I began to experience symptoms of the annual flu that has hit the southern California area. Beginning on that date I was out of the office due to the flu and its symptoms, which seemed to be more acute and incapacitating than was the case with prior years. I was out of the office for nearly fourteen (14) days and unable to work on this matter (or any other substantive legal work) during that time. I returned to my office and work during the week of February 17, 2014. However, the effects of my illness have lingered such that I was unable to work full days. I am now recovering more completely, but will not be able to finish Appellants' opening brief by February 28, 2014. In light of this history, I believe that I have acted as diligently as possible in preparing Appellants' opening brief.

5. On February 20, 2014, I contacted Appellees' counsel Mary Ellen Gormley, Assistant County Counsel for the County of Alameda. I informed her that I had been ill and would need to ask this court for an additional two weeks to finalize and file Appellants' opening brief in this matter. I asked whether she objected to such an extension. Ms. Gormley replied that she and her clients would not oppose issuance of further extension of 14 days.

6. Additionally, each of the Appellants in this matter were contacted and informed that I required, and would be asking the court for, a two week extension for the filing of Appellants' opening brief. Each of my clients agreed with the request for an extension.

7. The court reporter is not in default with regard to any designated transcripts.

8. I regret the need to ask for this additional extension, but it was unanticipated and is unavoidable.

I declare under penalty of perjury of perjury under the laws of the United States, that the foregoing is true and correct.

Executed this 21st day of February, 2014

    /s/ *Charles W. Hokanson*
Charles W. Hokanson
Attorney for Plaintiffs and Appellants