# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

No. 13-17132

**John Teixeira; et al.,**
*Plaintiffs/Appellants,*

v.

**County of Alameda; et al.,**
*Defendants/Appellees*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(District Court Case No. 3:13-CV-00303-JST)
HONORABLE JON S. TIGAR

## APPELLEES' REPLY IN SUPPORT OF
## MOTION TO DISMISS

Donna R. Ziegler (SBN 142415)
Mary Ellyn Gormley (SBN 154327)
Nicole Roman (SBN 267730)
Office of the County Counsel
County of Alameda
1221 Oak Street, Suite 450
Oakland, CA  94612
Tel:  (510) 272-6700
Fax:  (510) 272-5020

Attorneys for Defendants/Appellees
County of Alameda

## INTRODUCTION

Appellees County of Alameda, et al., ("the County") submit the following Reply to Appellants John Teixeira, et al.'s ("Teixeira") Opposition to the County's Motion to Dismiss Teixeira's Appeal.

## ARGUMENT

Teixeira argues that the County's motion should be denied because a Statement of Issues was not required and the County was not prejudiced by their actions. Teixeira's argument misconstrues Circuit Rule 10-3 and the impact of their actions.[1]

Teixeira claims they were not required to file a Statement of Issues because they requested the entire transcript on February 7, 2014, 109 days after they filed their Notice of Appeal.[2]

Circuit Rule 10.3 dictates the timeline for appellants to file certain mandatory documents. Circuit Rule 10-3.1(a) states that unless (1) the parties agree on which portions of the transcript to order, or (2) the appellant intends to order the entire transcript, the

---

[1] Teixeira frames their opposition in terms of Circuit Rule 10-3 instead of FRAP 10(b). Teixeira failed to comply with either rule. For ease of reference, this Reply will analyze the matter under Circuit Rule 10.3.

[2] Teixeira's failure to order transcripts by November 20, 2013 violated Circuit Rule 10.3-1(d).

1

appellant <u>must</u> serve the appellee with notice of what portion of the transcript he intends to order and a Statement of Issues.

If appellant believes that no transcript is necessary, the appellant <u>must</u> serve the appellee with notice stating that he does not intend to order any transcripts. *Id.* The appellant <u>must</u> serve this notice and Statement of Issues on the appellee within 10 days of filing the Notice of Appeal. *Id.*

The parties did not agree on which portion of the transcript to order. Teixeira did not intend to order the entire transcript. To the contrary, Teixeira's counsel admitted that at the time of the deadline, he thought transcripts were unnecessary. (*See* Motion to Dismiss, Declaration of Mary Ellyn Gormley, Exhibit A.) Thus, <u>under either scenario set forth in Circuit Rule 10-3.1(a), Teixeira was required to serve the County with a Statement of Issues.</u>

Teixeira argues that because they *eventually* ordered a transcript, they were not required to comply with Circuit Rule 10-3.1(a). Teixeira misstates the rule. Circuit Rule 10-3.1(a) requires appellants to either order the entire transcript within 30 days of filing the notice of appeal or provide the appellant a Statement of Issues.

Teixeira did not intend to order the full transcript at the time of the deadline. Thus, Teixeira was required to provide the County with a Statement of Issues by October 31, 2013. Circuit Rule 10-3.1(a).

Teixeira argues that the County was not prejudiced by their belated transcript order because "the facts necessary to adjudicate this appeal are contained in the Complaint." (Opposition, p. 5.) The County does not dispute this. However, the County <u>was</u> prejudiced by Teixeira's failure to file a Statement of Issues after it did not order the entire transcript. As stated in the County's motion, and the Declaration of Mary Ellyn Gormley, filed therewith, the County only learned of the issues presented after receiving Teixeira's opening brief. The County was thus deprived of over five months of time within which to understand, analyze, and formulate its arguments regarding the issues eventually raised. (Motion to Dismiss, p. 5, Declaration of Mary Ellyn Gormley, ¶¶ 7-8.) The County was clearly prejudiced by Teixeira's actions.

Teixeira failed to comply with FRAP 10 and the Circuit Rule 10-3. The County was prejudiced. It is disingenuous for Teixeira to deny the impact of their actions.

# CONCLUSION

For the foregoing reasons, the County respectfully requests that the Court dismiss Teixeira's Appeal.

Dated:  April 9, 2014　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　By: /s/ *Mary Ellen Gormley*
　　　　　　　　　　　　　　　　　Mary Ellyn Gormley
　　　　　　　　　　　　　　　　　Assistant County Counsel

　　　　　　　　　　　　　　　Attorneys for Defendants/Appellees
　　　　　　　　　　　　　　　County of Alameda, et al.