Law Offices of Donald Kilmer
A Professional Corporation

1645 Willow Street, Suite 150
San Jose, California 95125
E-Mail: Don@DKLawOffice.com
Phone: 408/264-8489
Fax: 408/264-8487

December 15, 2015

    Via:  E-File

Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, California 94103-1526

    Re:    *Teixeira, et al., v. County of Alameda, et al.*,
    Case No.:  13-17132
    Status:  The case was argued and submitted on December 8, 2015.
    Action:  Distribute this Fed. R. App. Proc. Rule 28(j) letter as appropriate given the status of the case.

Your Honors:

During oral argument the County cited *Illinois Association of Firearm Retailers, et al. v. City of Chicago, et al.*, 961 F. Supp. 2d 928; 2014 U.S. Dist. LEXIS 782 (U.S. District Court, Northern District of Illinois, Eastern Division). The Court seemed interested in two aspects of the case: (1) whether gun sales were protected under the Second Amendment, and (2) what kind of evidence was offered by the parties in that case.

Judge Edmond E. Chang, while entertaining cross-motions for summary judgment (the present case is on appeal from a motion to dismiss), had no trouble finding that the right to sell and acquire arms is protected by the Second Amendment.

This is not a controversial finding. The Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008) in analyzing of the substance of

"keep and bear" took pains to cite contemporaneous writings from the late 18th Century on exactly that topic.

> Who has been deprived by [the law] of keeping arms for his own defence? What law forbids the veriest pauper, if he can raise a sum sufficient for the purchase of it, from mounting his Gun on his Chimney Piece . . .?

*Id., at 583, fn.7.*

As for the quality/quantity of the evidence that was offered by the City of Chicago, Judge Edmond Chang remained unpersuaded that a virtual ban on gun stores would address the government's purported interests.

So even if the County of Alameda had answered the lawsuit below and offered any evidence in defense of their actions; the question of whether Alameda's rules pass constitutional muster would still be a live controversy in this case. Alameda County must be required to offer a more compelling or qualitatively different justification than the City of Chicago.

This matter should be remanded to the District Court with an explanation of the evidentiary burdens and quality of proof necessary for a full adjudication of this case.

A true and correct copy of the *Illinois Association of Firearm Retailers, et al. v. City of Chicago* memorandum of decision is attached.

This letter contains 346 words.

      Respectfully Submitted,
       /s/
      Donald Kilmer
      Attorney for Appellants

# **CERTIFICATE OF SERVICE**

On this, December 15, 2015, I served the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY by electronically filing it with the Court's ECF/CM system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 15, 2015.

/s/ Donald Kilmer
Attorney of Record for Appellants