

OFFICE OF THE COUNTY COUNSEL
1221 Oak Street, Suite 450, Oakland, California 94612-4296
Telephone (510) 272-6700     Facsimile (510) 272-5020

DONNA R. ZIEGLER
COUNTY COUNSEL

December 17, 2015

Molly Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

RE:  *Teixeira v. County of Alameda, et al.*
     United States Court of Appeals for the Ninth Circuit, Case No. 13-17132

Dear Ms. Dwyer:

Defendants submit this response to Plaintiffs' Rule 28(j) letter.

In their letter, Plaintiffs address two questions raised during oral argument related to the decision issued in *Illinois Ass'n of Firearms Retailers v. City of Chicago (Ill. Ass'n)* 961 F.Supp.2d 928 (N.D. Ill. 2014). Specifically: (1) whether the district court found gun sales to be protected under the Second Amendment; and (2) what kind of evidence was offered by the government in that case justifying its gun ordinance.

Concerning the first question, Defendants concede that the district court held that the Second Amendment included a right to sell firearms. *See Ill. Ass'n*, 961 F.Supp.2d at 937. But this holding is unpersuasive for two reasons. First, it is contrary to this Circuit's decisions finding *Heller's* list of "presumptively lawful" measures—which includes laws restricting the sale of firearms—as regulating conduct outside the scope of the Second Amendment. *See D.C. v. Heller*, 554 U.S. 570, 626-27 & n.26 (2008); *see also e.g., Jackson v. City & Cnty. of S.F.*, 746 F.3d 953, 960 (9th Cir. 2014); *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010). Second, it is in conflict with the decisions of other courts holding the opposite. *See United States v. Chafin*, 423 Fed.App'x 342, 344 (4th Cir. 2011); *Mont. Shooting Sports Ass'n v. Holder*, No. CV-09-147-DWM-JCL, 2010 WL 3926029, at *21 (D. Mont. Aug. 31, 2010).

Concerning the second question, the district court's finding belies, rather than supports, Plaintiffs' argument. While the district court was unpersuaded by Chicago's proffer of evidence justifying its ordinance, Chicago was tasked with justifying a *complete ban* on gun sales within its borders, not a mere zoning restriction. *See Ill. Ass'n*, 961 F.Supp.2d at 930. In finding the law overbroad, the district court noted that Chicago's interest in protecting public safety could be achieved through less restrictive means, such as "*designating special zones for gun stores* . . . ." *Id.* at 945 (emphasis added).

Thus, this Court should disregard *Illinois Association's* holding regarding the scope of the

Molly Dwyer, Clerk of the Court
December 17, 2015
Page 2

Second Amendment, but consider its' analysis of Chicago's proffered justifications for its gun ordinance.

        Very truly yours,

        DONNA R. ZIEGLER
        County Counsel

        By
        Scott J. Feudale
        Deputy County Counsel

cc: Donald Kilmer, Counsel for Plaintiff-Appellants John Teixeira, et al.



OFFICE OF THE COUNTY COUNSEL
1221 Oak Street, Suite 450, Oakland, California 94612-4296
Telephone (510) 272-6700     Facsimile (510) 272-5020

DONNA R. ZIEGLER
COUNTY COUNSEL

December 16, 2015

Molly Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

RE: *Teixeira v. County of Alameda, et al.*
United States Court of Appeals for the Ninth Circuit, Case No. 13-17132

Dear Ms. Dwyer:

Per Federal Rule of Appellate Procedure 28(j), Defendants-Appellees submit this letter to bring to the Court's attention a recent Supreme Court decision bearing on this case.

Recently, in *Freidman v. City of Highland Park, Ill.*, No. 15-133, 2015 WL 455141, at *1 (U.S. Dec. 7, 2015), the Supreme Court denied the plaintiffs' petition for a writ of certiorari. The petition sought relief from a Seventh Circuit decision upholding a city ordinance prohibiting the possession, sale, or manufacture of semi-automatic assault weapons and large capacity magazines. See *Freidman v. City of Highland Park, Ill.*, 784 F.3d 406 (7th Cir. 2015).

The Seventh Circuit's decision was based on its reasoning that the Second Amendment—as interpreted by the Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010)—"'does not imperil every law regulating firearms.'" *Friedman*, 784 F.3d at 410 (quoting *McDonald*, 561 U.S. at 786). While these decisions "circumscribe[] the scope of permissible experimentation by state and local governments [related to the right to keep and bear arms], . . . [they] do[] not foreclose *all* possibility of experimentation. *Id.* at 412.

During oral argument, Plaintiffs' counsel argued that Alameda County Ordinance Number 17.57.131—which prohibits a gun store from operating within 500 feet of a residentially zoned district—was superfluous given the fact that state and federal laws heavily regulate firearms transactions. However, *Freidman* belies Plaintiffs' position by holding that local entities are free to enact legislation placing additional reasonable restrictions on the sale of firearms— such as the 500-foot zoning ordinance at issue here. The fact that the Supreme Court declined the opportunity to alter this holding, coupled with its statement in *Heller* that "laws imposing conditions and qualifications on the commercial sale of firearms" are "presumptively valid,"

*Heller*, 554 U.S. at 626-27 & n. 26, shows that the County's 500-foot zoning ordinance does not offend the Second Amendment.

Very truly yours,

DONNA R. ZIEGLER
County Counsel

By
SCOTT J. FEUDALE
Deputy County Counsel

cc: Donald Kilmer, Attorneys for Plaintiff-Appellants John Teixeira, et al.