

OFFICE OF THE COUNTY COUNSEL
1221 Oak Street, Suite 450, Oakland, California 94612-4296
Telephone (510) 272-6700          Facsimile (510) 272-5020

DONNA R. ZIEGLER
COUNTY COUNSEL

December 17, 2015

Molly Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

RE:     *Teixeira v. County of Alameda, et al.*
        United States Court of Appeals for the Ninth Circuit, Case No. 13-17132

Dear Ms. Dwyer:

Defendants submit this response to Plaintiffs' Rule 28(j) letter.

In their letter, Plaintiffs cite *Mance v. Holder*, 74 F.Supp.3d 795 (N.D. Tex. 2015) as authority supporting their position that the Second Amendment protects the commercial sale of firearms.

*Mance* concerned a constitutional challenge to a federal law prohibiting gun dealers from transferring firearms to individuals who do not reside in the same state as the dealer's place of business. *Mance*, 74 F.Supp.3d at 799. In a footnote in the portion of the opinion addressing the government's justification for this law, the district court stated that operating a gun store is conduct that is "generally protected by the Second Amendment." *See id.* at 807 n.8.

This statement lacks persuasive value for three reasons. First, it had no bearing on the Court's disposition of the case, and thus may be disregarded as dicta. *See Ark. Game & Fish Comm'n v. United States*, 133 S.Ct. 511, 520 (2012) (internal quotations omitted) (general expressions that go beyond the case "ought not to control the judgment in a subsequent suit when the very point is presented for decision.") Second, it is contrary to several appellate decisions finding *Heller's* list of "presumptively lawful" measures—which includes laws restricting the sale of firearms—as regulating conduct outside the scope of the Second Amendment. *See District of Columbia v. Heller*, 554 U.S. 570, 626-27 & n.26 (2008); *see also e.g., Jackson v. City & Cnty. of S.F.*, 746 F.3d 953, 960 (9th Cir. 2014); *Nat'l Rile Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185, 196 (5th Cir. 2012); *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010). And third, it is in conflict with the decisions other courts holding the opposite. *See United States v. Chafin*, 423 Fed.App'x 342, 344 (4th Cir. 2011); *Mont. Shooting Sports Ass'n v. Holder*, No. CV-09-147-DWM-JCL, 2010 WL 3926029, at *21 (D. Mont. Aug. 31, 2010).

For these reasons, this Court should disregard *Mance's* dicta regarding the scope of the Second Amendment.

Very truly yours,

DONNA R. ZIEGLER
County Counsel

By
SCOTT J. FEUDALE
Deputy County Counsel

cc: Donald Kilmer, Counsel for Plaintiff-Appellants John Teixeira, et al.