Appellate Case No.: 13-17132

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JOHN TEIXEIRA, et al.,

*Appellants,*

vs.

COUNTY OF ALAMEDA, et al.,

*Appellees.*

Appeal from the United States District Court for the

Northern District of California

## BRIEF OF AMICI CURIAE LEAGUE OF CALIFORNIA CITIES AND CALIFORNIA STATE ASSOCIATION OF COUNTIES IN SUPPORT OF APPELLEES' PETITION FOR REHEARING EN BANC

T. PETER PIERCE (Bar No. 160408)
STEPHEN D. LEE (Bar No. 270821)
RICHARDS, WATSON & GERSHON
A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Telephone: 213.626.8484
Facsimile: 213.626.0078
Attorneys for *Amici Curiae*
League of California Cities and
California State Association of Counties

## CORPORATE DISCLOSURE STATEMENT

Pursuant to FED. R. APP. P. 26.1, *Amici Curiae* League of California Cities and California State Association of Counties state that they have no parent corporations and have no stock. Therefore, no publicly held corporation owns 10% or more of any stock.

# **TABLE OF CONTENTS**

**Page**

INTEREST OF AMICI CURIAE..................................................................1

FED. R. APP. P. 29(c)(5 STATEMENT ....................................................2

FED. R. APP. P. 29(a) STATEMENT .......................................................2

PROCEDURAL BACKGROUND.............................................................3

INTRODUCTION AND SUMMARY OF ARGUMENT ............................4

ARGUMENT............................................................................................8

I.     The Majority's Opinion Contradicts *Heller* and Ninth
Circuit Precedent.........................................................................8

II.    Decades of Ninth Circuit and California State
Precedents Place the Initial Burden of Overcoming the
Presumptive Validity of Zoning Ordinances on
Plaintiffs...................................................................................12

III.   The Majority's Opinion Has Far-Reaching and
Intensely Negative Impacts on the Zoning Powers of
All Municipalities.......................................................................15

CONCLUSION .......................................................................................18

99904-0294\1977733v4.doc

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Adultworld Bookstore v. City of Fresno, 758 F.2d 1348 (9th Cir. 1985) ............................................................................ 5, 13

Am. Tower Corp. v. City of San Diego, 763 F.3d 1035 (9th Cir. 2014) ............................................................ 12

Associated Home Builders etc., Inc. v. City of Livermore, 18 Cal.3d 582 (1976) ............................................................ 14

California Bldg. Indus. Assn. v. City of San Jose, 61 Cal.4th 435 (2015) ............................................................ 15

Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 920 F.2d 1496 (9th Cir.1990) ............................................. 12

District of Columbia v. Heller, 554 U.S. 570 (2008).................................................................. passim

Jackson v. City & Cty. of San Francisco, 746 F.3d 953 (9th Cir. 2014) ............................................. passim

Kuzinich v. Santa Clara Cty., 689 F.2d 1345 (9th Cir. 1982) ............................................. 12

Lockard v. City of Los Angeles, 33 Cal.2d 453 (1949) ............................................................ 14

Lydo Enterprises, Inc. v. City of Las Vegas, 745 F.2d 1211 (9th Cir. 1984) ............................................. 12

Murphy v. City of Alameda ("Murphy"), 11 Cal.App.4th 906 (1992) ............................................. 14

Teixeira v. Cty. of Alameda, 822 F.3d 1047 (9th Cir. 2016) .................................... 5, 9, 11

99904-0294\1977733v4.doc

**Page(s)**

*United States. v. Vongxay,* 594 F.3d 1111 (9th Cir. 2010) ............................... 6

*Village of Euclid v. Ambler,*
    272 U.S. 365 (1926) ............................................................................ 16

**Rules**

Federal Rules of Evidence, Section 301 ................................................. 4, 6, 9, 11

Federal Rules of Appellate Procedure 29(c)(5) .................................................... 2

Federal Rules of Appellate Procedure 29(a) ....................................................... 2

Federal Rules of Appellate Procedure 26.1 ........................................................ 1

99904-0294\1977733v4.doc

# INTEREST OF AMICI CURIAE

*Amicus Curiae* League of California Cities (the "League")
is an association of 474 California cities dedicated to protecting
and restoring local control; to providing for the public health,
safety, and welfare of the residents of these cities; and to
enhancing the quality of life for all Californians. The League's
Legal Advocacy Committee is comprised of 24 city attorneys
from all regions of California and advises the League. The
Legal Advocacy Committee also monitors litigation of concern
to municipalities and identifies those cases that have statewide
or nationwide significance. The Committee has identified this
case as having such significance.

*Amicus Curiae* California State Association of Counties
("CSAC") is a non-profit corporation. The membership consists
of the 58 California counties. CSAC sponsors a Litigation
Coordination Program, which is administered by the County
Counsels' Association of California and is overseen by the

Association's Litigation Overview Committee, comprised of

county counsels throughout the State. The Litigation Overview

Committee monitors litigation of concern to counties statewide

and has determined that this case is a matter affecting all

counties.

## FED. R. APP. P. 29(c)(5 STATEMENT)

As required by Rule 29(c)(5) of the Federal Rules of

Appellate Procedure, the League and CSAC state that this brief

was not authored by counsel for a party to this action and that

this briefing was funded entirely by the League and CSAC. No

other party, person, or counsel to a party provided any

financial support or funding for preparing or submitting this

brief.

## FED. R. APP. P. 29(a) STATEMENT

Under Rule 29(a) of the Federal Rules of Appellate

Procedure, all of the parties to this appeal have consented to the filing of this brief.

## PROCEDURAL BACKGROUND

This Court's panel filed its opinion in appeal no. 13-17132 on May 16, 2016. At issue is Alameda County's ("County") zoning ordinance imposing "place" conditions on businesses engaged in commercial sales of firearms in the County. A divided three-judge panel affirmed in part, reversed in part, and remanded the District Court's ruling on the County's motion to dismiss. The League and CSAC urge en banc review of that part of the majority's opinion reversing the District Court's dismissal of Appellants' Second Amendment claim ("majority Opinion").

99904-0294\1977733v4.doc

## INTRODUCTION AND SUMMARY OF ARGUMENT

Contradicting *District of Columbia v. Heller*, 554 U.S. 570 (2008) ("*Heller*"), and Ninth Circuit precedent, the majority Opinion (1) ignores the presumptive validity of laws imposing conditions and qualifications on the commercial sale of firearms; and (2) fails to hold Appellants to their legally required burden of proof.

*Heller* expressly found that laws, such as the County's zoning ordinance, imposing conditions and qualifications on the commercial sale of firearms, are "presumptively lawful regulatory measures." *Id.* at 626 fn. 26. Because of that presumption of validity, the initial burden of producing evidence to rebut that presumption rests upon Appellants. FED. R. EVID. 301 ("In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption"); see also *Adultworld Bookstore v. City*

-4-

*of Fresno* ("*Adultworld*"), 758 F.2d 1348, 1352 (9th Cir. 1985) ("where a plaintiff makes a prima facie showing of infringement of First Amendment rights, the presumption of validity of a zoning ordinance disappears").

Ignoring the foregoing authorities, the majority Opinion instead holds that the "burden is on the Government to demonstrate that a prohibition has historically fallen outside the Second Amendment's scope before it can claim a presumption of validity . . . ." *Teixeira v. Cty. of Alameda*, 822 F.3d 1047, 1058 (9th Cir. 2016) ("*Teixeira*").

In addition to flipping the initial burden of proof onto the wrong party, the lopsided test fashioned by the majority improperly reopens an issue already decided by this Court in *Jackson v. City & Cty. of San Francisco*, 746 F.3d 953, 960 (9th Cir. 2014) ("*Jackson*"). In *Jackson*, this Court held that the presumptively lawful measures identified in *Heller* (a category that encompasses the challenged zoning law) are <u>outside</u> the

historic scope of the Second Amendment. *Id.* That holding is binding on all three-judge panels of the Ninth Circuit. *United States. v. Vongxay,* (9th Cir. 2010) 594 F.3d 1111, 1116 ("a panel of this court may not overrule a decision of a previous panel; only a court *en banc* has such authority").

Had the reviewing court here applied *Heller, Jackson,* and FED. R. EVID. 301 to the challenge before it, Appellants would have been called on to demonstrate that the challenged zoning law infringes their Second Amendment rights <u>despite</u> imposing restrictions historically outside the scope of the Second Amendment. Under the controlling authorities, the majority had no valid basis for deviating from the judicial deference traditionally afforded local zoning laws.

If allowed to stand, the majority Opinion has far-reaching, harmful consequences for local governments. By effectively reversing the burden of proof in challenges to "presumptively lawful" zoning measures, and ignoring the

99904-0294\1977733v4.doc

holding in *Jackson*, the majority Opinion invites courts to treat zoning laws as presumptively invalid under the Second Amendment. To avoid costly litigation, local legislative bodies considering those laws would be loathe to enact them – regardless of public safety and other legitimate police power concerns – except in those instances where the legislative body was sure the particular law was historically outside the scope of the Second Amendment. Under the majority Opinion, facial challenges to garden variety zoning laws implicating firearms commerce would abound, and courts would be required to overlook the judicial deference accorded those laws.

En banc review is necessary to correct the majority Opinion's significant errors and to reassert the controlling authority of the *Heller* and *Jackson* decisions.

99904-0294\1977733v4.doc

# ARGUMENT

## I.   The Majority's Opinion Contradicts *Heller* and Ninth Circuit Precedent.

By ignoring the presumptive validity of the County's zoning ordinance and incorrectly reversing the initial burden of proof, the majority's Opinion directly contradicts *Heller*.

*Heller* establishes that laws imposing conditions and qualifications on the commercial sale of firearms are presumptively lawful. *Heller*, 554 U.S. at 626. Specifically, *Heller* cautions that "[t]he Court's opinion should not be taken to cast doubt on . . . laws imposing conditions and qualifications on the commercial sale of arms." *Id.* The Supreme Court clearly stated that such laws are "presumptively lawful regulatory measures." *Id.* at 626 fn.26.

This Court earlier agreed with *Heller* that laws imposing conditions on commercial firearms sales are "presumptively lawful" as against a Second Amendment challenge. *Jackson*, 746 F.3d at 960. "To determine whether a challenged law falls

outside the historical scope of the Second Amendment, we ask whether the regulation is one of the 'presumptively lawful regulatory measures' identified in *Heller*, 554 U.S. at 627 n. 26 ...." *Id.*

However, the majority Opinion fails to apply that presumption as required by FED. R. EVID. 301, improperly relieving Appellants of their burden to rebut the presumption of validity. The majority Opinion instead fabricates a new preliminary evidentiary burden imposed on the County: "The burden is on the Government to demonstrate that a prohibition has historically fallen outside the Second Amendment's scope before it can claim a presumption of validity." *Teixeira*, 822 F.3d at 1058. This unwarranted evidentiary hurdle plainly undermines the *Heller* holding regarding presumptively lawful regulatory measures. The Majority Opinion imposes on government an initial burden of proving that the challenged zoning law is outside the scope of the Second Amendment.

99904-0294\1977733v4.doc

Only after meeting that burden is the government entitled to the presumption of validity established in *Heller*.

The County's zoning law falls squarely within the presumptively valid measures identified in *Heller*, and therefore falls outside the scope of the Second Amendment under both *Heller* and *Jackson*. The majority Opinion should have required Appellants to show that the law infringes their Second Amendment rights, even though the law regulates in an area historically outside the scope of the Second Amendment. Instead, the majority's Opinion ignores the controlling authorities establishing the presumptive validity of the County's zoning law, relieves Appellants of any burden of proof, and requires the County to prove the challenged zoning law is valid under the Second Amendment.

A presumption of validity applies at the outset. Under Rule 301 of the Federal Rules of Evidence, the party against whom the presumption applies bears the burden of rebutting it:

99904-0294\1977733v4.doc

"In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed had the burden of producing evidence to rebut the presumption." FED. R. EVID. 301. By requiring local government to first establish that "a prohibition has historically fallen outside the Second Amendment's scope before it can claim a presumption of validity" (*Teixeira*, 822 F.3d at 1058), the majority Opinion ignores evidentiary rules, and no longer presumes any validity or legality as required by *Heller*. The majority Opinion invites courts to apply a presumption of invalidity, rebutted only when the government proves a law satisfies the Second Amendment.

The majority Opinion's unwarranted deviation from controlling law merits en banc review.

## II. Decades of Ninth Circuit and California State Precedents Place the Initial Burden of Overcoming the Presumptive Validity of Zoning Ordinances on Plaintiffs.

The Ninth Circuit has long established that zoning ordinances are presumptively valid as exercises of a local government's police powers: "Zoning ordinances are presumptively valid and local governments have broad power to zone and control land use." *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (overturning preliminary injunction against zoning ordinance restricting the location of "sexually oriented businesses"); see *Kuzinich v. Santa Clara Cty.*, 689 F.2d 1345, 1347 (9th Cir. 1982) ("zoning is a valid exercise of the police power"); see also *Am. Tower Corp. v. City of San Diego*, 763 F.3d 1035, 1059 (9th Cir. 2014) ("Municipal decisions like those at issue here [regarding zoning] 'are presumptively constitutional'") quoting *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1508 (9th Cir.1990).

-12-

99904-0294\1977733v4.doc

Because of the presumptive validity of zoning ordinances,

challengers of those ordinances bear the initial burden of

making a prima facie showing of constitutional infringement.

See *Adultworld Bookstore v. City of Fresno* ("*Adultworld*"), 758

F.2d 1348, 1352 (9th Cir. 1985).  In *Adultworld*, the Ninth Circuit

held that a party challenging the validity of a zoning ordinance

under the First Amendment must first overcome the

presumptive validity of the zoning ordinance by making a

prima face showing of a constitutional infringement: "[W]here

a plaintiff makes a prima facie showing of infringement of First

Amendment rights, the presumption of validity of a zoning

ordinance disappears."  *Id.*  Only upon such a showing is the

government required to demonstrate a compelling interest to

justify the ordinance.  *Id.*

California state courts also have recognized the

presumptive validity of zoning ordinances, placing the initial

burden of constitutional challenges on plaintiffs.  "Under the

traditional rule, a party challenging the constitutionality of [a

zoning] ordinance has the burden to present evidence and

documentation that the legislation is not reasonably related to

the public welfare of those whom it significantly affects."

*Murphy v. City of Alameda* ("*Murphy*"), 11 Cal.App.4th 906, 910

(1992) (constitutional challenge to charter amendment and

ordinance regulating the construction of multiple dwelling

units).

Similarly, land use decisions and ordinances are

presumed constitutional and treated with deference by the

courts: "[T]he courts recognize that such ordinances are

presumed to be constitutional, and come before the court with

every intendment in their favor." *Associated Home Builders etc.,*

*Inc. v. City of Livermore*, 18 Cal.3d 582, 604-05 (1976) citing

*Lockard v. City of Los Angeles*, 33 Cal.2d 453, 461 (1949). Thus,

challengers to land use decisions and ordinances bear the

burden of demonstrating their invalidity: "We review

challenges to the exercise of such power deferentially....
Accordingly, a party challenging the facial validity of a
legislative land use measure ordinarily bears the burden of
demonstrating that the measure lacks a reasonable relationship
to the public welfare." *California Bldg. Indus. Assn. v. City of San
Jose*, 61 Cal.4th 435, 455-56 (2015).

Following *Heller's* holding that laws imposing conditions
on commercial firearms sales are presumed valid, the Ninth
Circuit and California decisions identified above apply here
with full force.

### III. The Majority's Opinion Has Far-Reaching and Intensely Negative Impacts on the Zoning Powers of All Municipalities.

The Supreme Court recognized almost a century ago that
restrictive zoning laws further policies born of constantly
changing social conditions. "[W]ith the great increase and
concentration of population, problems have developed, and

constantly are developing, which require, and will continue to require, additional restrictions in respect of the use and occupation of private lands in urban communities." *Village of Euclid v. Ambler*, 272 U.S. 365, 386-87 (1926). The scope of zoning laws "must expand or contract to meet the new and different conditions which are constantly coming within the field of their operation. In a changing world it is impossible that it should be otherwise." *Id.* at 387. The County here has exercised its sound legislative judgment that in a crowded, urban environment, the public health and safety are served by imposing a minimum distance between retail gun stores and sensitive uses such as schools and residential zones.

The majority's Opinion eviscerates the broad and discretionary exercise of local zoning powers by placing the initial burden of defending zoning decisions on local governments, and by eliminating the presumptive validity of zoning ordinances when challenged under the Second

99904-0294\1977733v4.doc

Amendment. Under this ruling, local governments would bear the initial and onerous burden of first demonstrating that their zoning decisions historically fall outside of the Second Amendment's scope. Consequently, and only in the context of Second Amendment challenges, local governments would be forced to affirmatively establish the constitutionality and validity of their zoning actions before any constitutional infringement is shown. Local governments would face legislating in an arena in which zoning laws implicating commercial firearms sales are presumed invalid under the Second Amendment. The majority's Opinion imposes significant and far-reaching burdens on all local governments in enacting and defending local zoning laws whenever those laws implicate commercial sales of firearms.

Under the majority Opinion's new burden shifting framework, local zoning decisions implicating commercial firearms sales would be effortlessly challenged by plaintiffs,

99904-0294\1977733v4.doc

and courts would be faced with a deluge of challenges to local zoning laws, deprived of the traditional judicial deference that guides review of those laws.

## CONCLUSION

The Court should grant the petition for rehearing en banc to: (1) restore the presumptive validity of laws imposing conditions and qualifications on the commercial sale of firearms; (2) hold plaintiffs to their legally-required burden of proof; and (3) reconsider the harsh and far-reaching consequences the majority's Opinion would otherwise impose on local governments.

99904-0294\1977733v4.doc

Dated:  July 27, 2016

RICHARDS, WATSON & GERSHON
 A Professional Corporation
T. Peter Pierce
Stephen D. Lee


By:    s/  T. Peter Pierce
        T. Peter Pierce
        Attorneys for *Amici Curiae*
        League of California Cities
        and California State
        Association of Counties

# CERTIFICATE OF COMPLIANCE

I certify under 9th Cir. Rule 29-2(c)(2) that the attached

Brief of *Amici Curiae* League of California Cities and California

State Association of Counties is proportionately spaced, has a

typeface of 14 points or more, and contains 2,962 words.

Executed on July 27, 2016

s/ T. Peter Pierce
T. Peter Pierce

99904-0294\1977733v4.doc

9th Circuit Case Number(s) | 13-17132

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)　July 27, 2016 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)　 .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) |