13-17132

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN TEIXEIRA, et al.,

Plaintiffs-Appellants,

v.

COUNTY OF ALAMEDA, et al.,

Defendants-Appellees.

On Appeal from the United States District Court
for the Northern District of California

Case No. 3:12-cv-03288-WHO
Hon. William Horsley Orrick III, District Judge

**BRIEF OF *AMICUS CURIAE*
STATE OF CALIFORNIA IN SUPPORT OF
PETITION FOR REHEARING OR
REHEARING EN BANC**

KAMALA D. HARRIS
Attorney General of California
EDWARD C. DUMONT
Solicitor General
KATHLEEN A. KENEALY
Chief Assistant Attorney General
DOUGLAS J. WOODS
Senior Assistant Attorney General

MARC A. LEFORESTIER
Supervising Deputy Attorney General
PETER H. CHANG*
Deputy Attorney General
STATE BAR NO. 241467
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5939
 Peter.Chang@doj.ca.gov
 *Counsel of Record*
 *Attorneys for Amicus Curiae the State
 of California*

# TABLE OF CONTENTS

**Page**

Interest of the State of California as *Amicus Curiae* ................................... 1

Statement of the Case ................................................................................. 2

Summary of Argument ................................................................................ 6

Argument ..................................................................................................... 9

    I.     Conditions and Qualifications on the Commercial Sale of Arms Are Presumptively Valid. ............................................. 10

    II.    If a Law Does Not Burden an Individual's Second Amendment Right to Keep and Bear Arms, the Law Should Not Be Subjected to Heightened Scrutiny .................. 13

    III.   En Banc Review Is Needed Because the Panel Decision Will Cause Significant Uncertainty and Must Be Set Aside ................................................................................... 17

Conclusion ................................................................................................ 19

# TABLE OF AUTHORITIES

**Page**

**CASES**

*DeVita v. County of Napa*
  9 Cal. 4th 763 (Cal. 1995)........................................................2

*District of Columbia v. Heller*
  554 U.S. 570 (2008)..........................................................*passim*

*Heller v. District of Columbia*
  670 F.3d 1244 (D.C. Cir. 2011) ...........................................12

*Jackson v. City and County of San Francisco*
  746 F.3d 953 (9th Cir. 2014)..........................................12, 13

*Nordyke v. King*
  644 F.3d 776 (9th Cir. 2011)...........................................*passim*

*Peruta v. County of San Diego*
  __ F. 3d __ (9th Cir. 2016)....................................................3

*U.S. v. Barton*
  633 F.3d 168 (3d Cir. 2011)..................................................11

*U.S. v. Conrad*
  923 F. Supp. 2d 843 (W.D. Va. 2013)..................................15

*United States v. Chafin*
  423 Fed.Appx. 342 (4th Cir. 2011) ......................................15

*Village of Belle Terre v. Boraas*
  416 U.S. 1 (1974)..................................................................2

**STATUTES**

Alameda County Code
  § 17.54.131(B)......................................................................3

# TABLE OF AUTHORITIES
## (continued)

Page

California Penal Code

§§ 26700, *et seq.* .......................................................................3

§ 26705 ...................................................................................3

§ 26710 ...................................................................................3

§ 26715 ...................................................................................3

§ 26720 ...................................................................................3

§ 26875 ...................................................................................3

§ 26805 ...................................................................................3

§ 26815 ...................................................................................3

§ 26835 ...................................................................................3

§ 26845 ...................................................................................3

§ 26860 ...................................................................................3

§ 26859 ...................................................................................3

§ 26880 ................................................................................3, 4

§ 26885 ...................................................................................4

§ 26890 ...................................................................................4

§ 26900 ...................................................................................4

§ 27050 ...................................................................................4

§ 27065 ...................................................................................4

§ 27105 ...................................................................................4

§ 27115 ...................................................................................4

§ 27120 ...................................................................................4

§ 27125 ...................................................................................4

§ 27130 ...................................................................................4

§§ 27200-27400 ........................................................................4

§ 27500 ...................................................................................4

§ 27505 ...................................................................................4

§ 27510 ...................................................................................4

§ 27515 ...................................................................................4

§ 27520 ...................................................................................4

§ 27585 ...................................................................................3

§ 27660 ...................................................................................4

Page

CONSTITUTIONAL PROVISIONS

California Constitution.................................................................1, 2

California Constitution
  Article XI, § 7........................................................................2

United States Constitution
  Second Amendment......................................................*passim*
  Fourteenth Amendment ...........................................4, 12, 13

COURT RULES

Circuit Rule 29-2 .........................................................................2

Federal Rule of Appellate Procedure 29(a) ................................2

Federal Rule of Civil Procedure 12(b)(6)....................................4

**INTEREST OF THE STATE OF CALIFORNIA AS *AMICUS CURIAE***

The State of California has a strong interest in upholding the police powers of the State, and its cities and counties, to protect communities and public safety by maintaining reasonable zoning laws and by imposing reasonable conditions and qualifications on the commercial sale of arms.

The panel's decision in this case, if allowed to take effect, could improperly constrain State and local governments in their reasonable efforts to regulate the commercial sale of arms based on considerations of public safety and crime prevention. The California Constitution indicates that local officials are best situated to determine zoning restrictions appropriate to community circumstances, including the locations where firearms dealers may conduct business and their proximity to sensitive areas such as residential neighborhoods, schools, and where liquor is sold and consumed. This is based in part on the view that public safety, crime prevention, and other concerns relevant to prospective locations of gun stores are not uniform across the State, and may vary significantly between and within urban and rural areas. The California Legislature has also imposed conditions and qualifications on the commercial sale of arms, including dealer licensure, background checks, and various other requirements. These regulations too are based on considerations of public safety and crime

prevention, and could be threatened by the panel's decision. At the very least, the decision could encourage lawsuits challenging a wide variety of reasonable and longstanding laws that regulate in this area.

The Attorney General is the State's chief law enforcement officer. Through the state Department of Justice, the Attorney General has direct responsibility for enforcing the State's firearms laws, including laws and regulations imposing conditions and qualifications on the commercial sale of arms.

The Attorney General submits this brief on behalf of the State as *amicus curiae* in support of Appellees' Petition for Rehearing or Rehearing En Banc, pursuant to Federal Rule of Appellate Procedure 29(a) and Circuit Rule 29-2.

## STATEMENT OF THE CASE

The California Constitution provides that "[a] county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." Cal. Const., art. XI, § 7. Local zoning laws are derived from these general police powers, and allow local governments to govern the development of their communities. *See DeVita v. County of Napa*, 9 Cal. 4th 763, 782 (Cal. 1995); *Village of Belle Terre v. Boraas*, 416 U.S. 1, 9 (1974).

Alameda County's Ordinance Code prohibits the issuance of a conditional use permit for a gun store if its premises are located within five hundred feet of an elementary, middle or high school, a pre-school or day care center, another firearms business, a liquor store, an establishment where liquor is served, or as relevant here, a residentially zoned district. Alameda Cty. Code, § 17.54.131(B).

The State of California has enacted comprehensive legislation regulating the commercial sale of arms. *See* Cal. Penal Code §§ 26700, *et seq.*;[1] *see also Peruta v. County of San Diego*, __ F. 3d __, 2016 WL 3194315, *3 (9th Cir. 2016) (en banc) (describing California's laws as a "multifaceted scheme regulating firearms"). These laws include provisions governing local licensing of arms dealers (§ 26705), arms dealer background checks (§ 26710), arms dealer registration (§ 26715), arms dealer inspections (§26720), fees to pay state regulatory costs (§§ 26720, 26875), limitations on arms sales (§ 26805), arms deliveries (§§ 26815, 26860, 27585), posting of safety warnings (§ 26835), residency restrictions (§ 26845), safe handling demonstrations (§§ 26850-26859), arms dealer

---

[1] Subsequent statutory references are to the California Penal Code, unless indicated otherwise.

misrepresentations (§ 26880), inventory monitoring (§ 26885), arms storage and security (§ 26890), firearms transactions records (§ 26900), sales to law enforcement (§§ 27050-27065), transfers between importers, manufacturers, wholesalers, and dealers (§§ 27120, 27125, 27130, 27660), gunsmiths and firearms repairs (§ 27105), out-of-state arms deliveries (§ 27115), gun shows (§§ 27200-27400), sales to prohibited persons (§ 27500), sales to minors (§§ 27505, 27510), and straw purchases (§§ 27515, 27520).

Appellants are three individuals ("Teixeira") who together sought a permit to operate a gun store in an unincorporated part of Alameda County near a residential neighborhood, and three advocacy organizations. The location of the proposed gun store is less than 500 feet away from residential property. Teixeira initially received a variance and permit, but the County Board of Supervisors revoked them. Appellants brought facial and as-applied challenges to the County zoning ordinance alleging violations of the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment. The Second Amendment challenge asserted that the County zoning ordinance infringed Teixeira's customers' right to acquire arms. The district court granted the County's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.

A divided panel ruled that "the right to purchase and to sell firearms is part and parcel of the historically recognized right to keep and to bear arms" (Slip Op. at 18) and "the services Teixeira hopes to offer implicate the right to keep and to bear arms" (*id.* at 19).[2] Based on these observations, it concluded that "the Alameda County ordinance burdens conduct protected by the Second Amendment." Slip. Op. at 19. The panel acknowledged that—as the district court determined—the County ordinance is a "law[] imposing conditions and qualifications on the commercial sale of arms[.]" Slip Op. at 22 (quoting the district court, quoting *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008)). The panel rejected a reading of *Heller* under which the ordinance should be considered "presumptively valid." *See* Slip. Op. at 19-20 (quoting *Heller*, 554 U.S. at 627, n. 26). Instead, the panel concluded that the ordinance must be subjected to heightened scrutiny because the County failed to provide historical evidence showing that the ordinance "is the type of longstanding regulation that our predecessors considered an acceptable intrusion into the Second Amendment right." Slip Op. at 23.

---

[2] The panel decision unanimously rejected appellants' claims under the Equal Protection Clause.

## SUMMARY OF ARGUMENT

The panel's majority decision warrants further review because it appears to conclude that regulations on the commercial sale of arms are not presumptively valid. Instead, it effectively presumes such regulations burden the Second Amendment rights, subjects them to heightened scrutiny, and presumes them invalid unless the government establishes that the regulation "historically would have been tolerated." This approach is at odds with the Supreme Courts' broad statement in *Heller* that "laws imposing conditions and qualifications on the commercial sale of arms" are "presumptively valid." *Heller*, 554 U.S. at 626-27; *id.* at 627 n. 26.

The panel's conclusion rests on its concern that if "laws imposing conditions and qualifications of the commercial sale of arms" are "presumptively valid," then the government could "enact a total prohibition on the commercial sale of firearms." Slip Op. at 21. The panel's slippery slope argument is misplaced, however, as a "total prohibition" on gun sales would not be a mere condition or qualification on the commercial sale of arms—commercial sales would be prohibited, not conditioned or qualified. And, conceivably, a "presumptively valid" regulatory measure is not free from all scrutiny. A plaintiff may arguably overcome the presumption of validity that applies to a law regulating commercial sales of arms by

demonstrating an actual, substantial burden on a law-abiding citizen's Second Amendment right. Because neither a prohibition nor a Second Amendment burden is present in this case, the panel's application of heightened scrutiny to the County ordinance creates a conflict with *Heller* and is not supported by any decision of this Court.

The panel's majority decision also warrants further review because it could be read to hold that merchants have a "right" to sell firearms under the Second Amendment that may be infringed by a regulation even if the regulation does not burden an individuals' right to keep and bear arms. Slip Op. 18. As Judge Silverman highlighted in the dissent, "[c]onspicuously missing from this lawsuit is any honest-to-God resident of Alameda County complaining that he or she cannot lawfully buy a gun nearby." Slip Op. at 36. Yet, the panel majority determined that the challenged ordinance burdens conduct protected by the Second Amendment and triggers heightened scrutiny.

The panel majority's approach to analyzing the burden on the Second Amendment imposed by the County ordinance also departs from the approach for analyzing Second Amendment challenges brought by business interests previously articulated by a panel of this Court in *Nordyke v. King*. In that decision, the Court examined a challenge to a County ordinance

brought by gun show promoters and framed the "proper inquiry" as whether the ordinance "substantially burdens the right to keep and to bear arms," and that "when deciding whether a restriction on gun sales substantially burdens Second Amendment rights, [a court] should ask whether the restriction leaves law-abiding citizens with reasonable alternative means for obtaining firearms sufficient for self-defense purposes." *Nordyke v. King*, 644 F.3d 776, 786-87 (9th Cir. 2011) (O'Scannlain) (citation omitted), *vacated upon reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012) (en banc). The en banc court in *Nordyke* did not expressly adopt this standard for determining the level of scrutiny because it found that plaintiffs' claim cannot succeed under any level of scrutiny. *Nordyke*, 681 F.3d at 1045. The Court should review the panel's decision en banc and clarify the standard of scrutiny.

The panel decision is of great importance to the State of California because it undermines local decision-making regarding the location of gun stores in proximity to sensitive areas. Under the panel decision, reasonable zoning restrictions reflecting local governance of community development would be subject to heightened scrutiny, rather than be treated as routine zoning laws.

The panel decision is also of great importance for the mischief it could do to myriad State and local laws governing the commercial sale of arms. These laws should be presumed valid under *Heller* and other decisions of this Court. The panel's interpretation of what laws constitute *Heller*'s "presumptively lawful regulatory measures" will likely invite litigation and require courts to undertake burdensome (and unnecessary) historical analyses of challenged state and local commercial laws to determine whether they "historically would have been tolerated." *See* Slip. Op. at 21.

## ARGUMENT

The appellants brought this challenge to compel the County of Alameda to approve their preferred, "ideal location" for a gun store, less than 500 feet from a residential neighborhood. Slip Op. at 5. The record establishes that law-abiding residents of Alameda County can purchase firearms from at least ten gun stores operating lawfully in Alameda County, including from a sporting goods store located a mere 607 feet away from Teixeira's preferred site. Slip Op. at 35 (Silverman, J. dissenting); Appellees' Pet. for Rehearing or Rehearing En Banc at 4 (citing SER 9 and ER 120). No resident of Alameda County alleges that his or her ability to keep and bear arms, or to acquire or purchase arms, would in any way be adversely affected by the Alameda County zoning ordinance. Slip Op. at

35-36 (Silverman, J. dissenting). Against this backdrop, the panel found that the ordinance "burdens conduct protected by the Second Amendment" and held that the ordinance is subject to heightened scrutiny. *Id*. at 19. The panel majority's decision warrants further review before being adopted as a final decision of this Court.

## I. CONDITIONS AND QUALIFICATIONS ON THE COMMERCIAL SALE OF ARMS ARE PRESUMPTIVELY VALID.

In *Heller*, the Supreme Court considered the District of Columbia's ban on the possession of handguns, and ruled that the Second Amendment protects an individual right to keep and bear arms. *Heller*, 554 U.S. at 635. In declaring this right, the Court made clear that "nothing in our opinion should be taken to cast doubt on . . . laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27. The Court stated that such laws are "presumptively valid." *Id*. at 627, n. 26. The Alameda County ordinance requiring any new gun stores to be located at least 500 feet away from a residentially zoned neighborhood and other sensitive areas is a law imposing conditions and qualifications on the commercial sale of firearms. *See* Slip Op. at 22. Under *Heller*, therefore, the County ordinance should have been deemed presumptively valid and not subjected to heightened scrutiny. *See Heller*, 554 U.S. at 627.

In finding that the County ordinance is not presumptively valid, the panel appears to have narrowed the scope of the Supreme Court's broad statement that "laws imposing conditions and qualifications on the commercial sale of arms" are "presumptively valid." *See Heller*, 554 U.S. at 626-27; *id.* at 627 n. 26. The panel would apply the presumption of validity only to "certain" laws imposing conditions and qualifications on the commercial sale of arms; specifically, only those laws that have historical counterparts at two specific periods of time in American history. Slip Op. at 20; *id.* at 22. *Heller*, however, does not suggest any such distinction.

The panel's imposition of the additional burden for the government to prove a historical basis for the challenged law appears to derive from its fear that absent such additional requirement, there would be potential for a "total prohibition" on the commercial sale of firearms in Alameda County. Slip Op. at 20-21. However, a total prohibition would not be a law that merely imposes "conditions and qualifications" on firearms sales. Accordingly, there is no basis to suggest a total prohibition would come within the category of presumptively valid regulatory measures identified in *Heller*. Furthermore, "[b]y describing the felon disarmament ban as 'presumptively' lawful, the Supreme Court implied that the presumption may be rebutted." *U.S. v. Barton*, 633 F.3d 168, 173 (3d Cir. 2011) (internal citation omitted);

*see Heller v. District of Columbia*, 670 F.3d 1244, 1253 (D.C. Cir. 2011) ("A plaintiff may rebut this presumption [of validity] by showing the regulation does have more than a de minimis effect upon his right."). There is thus no suggestion that a presumptively valid regulatory measure would evade all scrutiny.

The panel's majority decision also warrants further review because it incorrectly applies *Jackson v. City and County of San Francisco*, 746 F.3d 953 (9th Cir. 2014). In *Jackson*, this Court previously determined that a firearms regulation falls outside the scope of the Second Amendment if it is *either* "one of the 'presumptively lawful regulatory measures' identified in *Heller*" *or* there is persuasive historical evidence that establishes the regulation to impose prohibitions that fall outside the historical scope of the Second Amendment. *Id.* at 960. The panel's majority decision conflates the two independent grounds set out in *Jackson* on which it may be established that a law falls outside the scope of the Second Amendment. The panel acknowledged that the ordinance is a law "imposing conditions and qualifications on the commercial sale of arms." Slip Op. at 22. But having done that, the panel nevertheless also required the County to prove that the ordinance is a type of regulation that Americans at the time of the Second Amendment or the Fourteenth Amendment would have recognized as a

permissible infringement of the traditional right. *Id.* Specifically, the panel required the County to prove that, at two specified historical points in time, government regulations restricted where firearm sales could occur. *Id.*

This approach deviates from *Heller* and this Court's *Jackson* decision and warrants further review by the en banc court. The challenged ordinance should be presumed valid—a presumption not rebutted by Appellants—and "there is no claim that, due to the zoning ordinance in question, individuals cannot lawfully buy guns in Alameda County." Slip Op. at 35 (Silverman, J. dissent). The challenged ordinance thus does not burden conduct protected by the Second Amendment, and should not be subject to heightened scrutiny. Review would provide an opportunity for the Court to clarify the scope of regulations on the commercial sale of arms that should be presumptive valid and how that presumption may be rebutted, and, where rebutted, what level of judicial scrutiny should apply.

## II.   IF A LAW DOES NOT BURDEN AN INDIVIDUAL'S SECOND AMENDMENT RIGHT TO KEEP AND BEAR ARMS, THE LAW SHOULD NOT BE SUBJECTED TO HEIGHTENED SCRUTINY

The panel's majority decision warrants en banc review because it subjected the County ordinance to heightened scrutiny even though there is no allegation that the ordinance burdened any County resident's ability to keep and bear, or to purchase and acquire, firearms. Slip Op. at 36

(Silverman, J. dissent). As Judge Silverman observed, "there is no claim that, due to the zoning ordinance in question, individuals cannot lawfully buy guns in Alameda County." *Id.* at 35 (Silverman, J. dissent). In fact, "[i]t is undisputed that they can. The record shows that there are at least ten gun stores already operating lawfully in Alameda County," including one 607 feet from Teixeira's proposed location. *Id.*; Appellees' Pet. for Rehearing or Rehearing En Banc at 4 (citing SER 9 and ER 120).

The panel stated that a "right . . . to sell firearms" is "part and parcel of the historically recognized right to keep and bear arms." Slip Op. at 18.[3] In the absence of any allegation that any individual's Second Amendment right to keep and bear arms is burdened, the decision could be read to hold that the Second Amendment protects a *merchant's* right to *sell* firearms, and that the County ordinance burdens that right to sell. Slip Op. at 18-19. Neither the Supreme Court nor this Court has ever recognized a freestanding constitutional right to sell firearms. The Fourth Circuit examined this issue and found no authority "that remotely suggests that, at the time of its

---

[3] The Panel also recognized a right to purchase firearms as "part and parcel of the historically recognized right to keep and bear arms." Slip Op. at 18. It is not necessary, however, for the Court to address any individual's right to purchase firearms because there is no allegation that the ordinance burdens any such right. *See* Slip Op. at 36 (Silverman dissent).

ratification, the Second Amendment was understood to protect an individual's right to *sell* a firearm. Indeed, although the Second Amendment protects an individual's right to bear arms, it does not necessarily give rise to a corresponding right to sell a firearm." *United States v. Chafin*, 423 Fed.Appx. 342, 344 (4th Cir. 2011) (emphasis in original); *see also U.S. v. Conrad*, 923 F. Supp. 2d 843, 852 (W.D. Va. 2013) ("An individual's decision to give or sell a firearm to another person does not directly bear on the individual's capacity to possess firearms in her own right."). The panel majority's decision thus warrants further review before being adopted as a final decision of this Court.

In determining that the County ordinance burdened conduct protected by the Second Amendment, even when there is no claim that the ordinance burdened any individual's ability to purchase firearms in the County, the panel majority departed from the framework for analyzing challenges to restrictions on firearms sales proposed in the *Nordyke* panel decision. *See Nordyke*, 644 F.3d at 786-87. *See Nordyke v. King*, 644 F.3d 776, 786-87 (9th Cir. 2011) (O'Scannlain), *vacated upon reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012).

In *Nordyke*, gun show promoters challenged a county's ban on possession of firearms on county grounds on the basis that it effectively bans

gun shows from county fairgrounds. *Id.* at 780. The Court framed the

"proper inquiry" as "whether a ban on gun shows at the county fairgrounds

substantially burdens the right to keep and to bear arms," and reasoned that

"when deciding whether a restriction on gun sales substantially burdens

Second Amendment rights, we should ask whether the restriction leaves law-

abiding citizens with reasonable alternative means for obtaining firearms

sufficient for self-defense purposes." *Nordyke*, 644 F.3d at 786-87 (citation

omitted). Regulations that do not substantially burden the right to keep and

bear arms do not trigger heightened scrutiny. *Id.* at 786.

While the en banc court that reviewed *Nordyke* did not expressly adopt

this analytical framework,[4] the concurrence by Judge O'Scannlain urged this

Court to "expressly adopt the measured, calibrated approach developed in

the original three-judge panel majority opinion, which considers carefully

the extent of the regulation's burden on Second Amendment rights."

*Nordyke*, 681 F.3d at 1045-46 (O'Scannlain concurrence). Under that

"measured, calibrated approach" developed in the *Nordyke* panel decision,

---

[4] The en banc court needed not reach the merits of the case because, on appeal, the County interpreted the challenged ordinance to permit gun shows on county fairgrounds. *Nordyke*, 581 F.3d at 1044. The en banc court held that plaintiffs could not state a Second Amendment claim given the County's interpretation of the ordinance. *Id.*

the *Teixeira* panel would likely have held that the County ordinance does not trigger heightened scrutiny because it "leaves law-abiding citizens with reasonable alternative means to obtain firearms sufficient for self-defense purposes." *See Nordyke*, 644 F.3d at 787.  The Court should review the panel's decision, and consider whether this case provides an opportunity to expressly adopt the analytical approach proposed by the *Nordyke* panel. Doing so would provide greater guidance to courts in this Circuit in their analysis of whether restrictions on gun sales burden Second Amendment rights, and to the State and local governments in enacting laws and ordinances that protect public safety.

## III. EN BANC REVIEW IS NEEDED BECAUSE THE PANEL DECISION WILL CAUSE SIGNIFICANT UNCERTAINTY AND MUST BE SET ASIDE

The panel decision, if left to stand, would conflict with *Heller* and the Second Amendment jurisprudence developed by this Court.  It is important that the conflict be resolved as quickly as possible because it would likely invite litigation and cause significant uncertainty in two important public policy areas.

First, local governments need to know whether they may zone locations where firearms are sold away from sensitive areas such as residential neighborhoods, day care centers, pre-schools, elementary, middle and high

schools, liquor stores, establishments in which liquor is served, community centers, and parks.

Second, as identified above on pages 3-4, the State has enacted comprehensive legislation regulating the commercial sale of arms, including regulation on firearms dealers concerning licensing, inspection, inventory monitoring, storage and security, and delivery of firearms. The panel decision, if allowed to remain, could subject the State's numerous laws regulating the commercial sale of arms to heightened scrutiny and also require the State to identify historical counterparts to those regulations, even if those regulations place no burden on any law-abiding citizen's ability to keep and bear arms. This could lead to an increase in challenges to the regulations on the commercial sale of arms.

The Court should review the panel majority decision to ensure uniformity within the Circuit, maintain certainty for local and state officials, and to avoid courts within the Circuit having to undertake burdensome legal analysis in potentially large numbers of cases challenging mundane local zoning ordinances and commercial regulations on the sale of firearms that place no actual burden on any conduct potentially falling within the ambit of the Second Amendment.

# CONCLUSION

The Court should grant rehearing or rehearing en banc.

Dated:  August 1, 2016          Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
EDWARD C. DUMONT
Solicitor General
KATHLEEN A. KENEALY
Chief Assistant Attorney General
DOUGLAS J. WOODS
Senior Assistant Attorney General
MARC. A. LEFORESTIER
Supervising Deputy Attorney General

/s/ *Peter H. Chang*

PETER H. CHANG
Deputy Attorney General
*Attorneys for Amicus Curiae the State of California*

SA2016102871
41570872.docx

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Circuit Rules 29-2, the foregoing Brief of *Amicus Curiae* State of California in Support of Petition for Rehearing or Rehearing En Banc is proportionately spaced, has a typeface of 14 points or more, and complies with the alternative length limit as it contains <u>3863</u> words.

Dated:  August 1, 2016        /S/ PETER H. CHANG

                                       PETER H. CHANG
                                       Deputy Attorney General
                                       *Attorneys for Amicus Curiae the State of California*